Darren K. Cottriel (State Bar No. 184731)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612
Telephone:   +1.949.851.3939
Facsimile:    +1.949.553.7539
Email:        dcottriel@jonesday.com

Christopher R.J. Pace (State Bar No. 202623)
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone:   +1.305.714.9730
Facsimile:    +1.305.714.9799
Email:        crjpace@jonesday.com

Carol A. Hogan (*pro hac vice*)
JONES DAY
77 West Wacker, Suite 3500
Chicago, IL 60601
Telephone:   +1.312.782.3939
Facsimile:    +1.312.782.8585
Email:        chogan@jonesday.com

Attorneys for Defendants
HRB TAX GROUP, INC.
and HRB DIGITAL LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PELENATITA OLOSONI, and DEREK SNARR, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HRB TAX GROUP, INC. and HRB DIGITAL LLC,<br><br>Defendants. | Case No. 3:19-cv-03610-SK<br><br>**DEFENDANTS' AMENDED ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

1    Defendants HRB Tax Group, Inc. ("HRB Tax Group") and HRB Digital LLC ("HRB

2    Digital") (collectively, "Defendants") hereby respond to the First Amended Complaint ("FAC")

3    of Plaintiffs Pelenatita Olosoni and Derek Snarr (collectively, "Plaintiffs") as follows:

4    **DEFENDANTS' GENERAL OBJECTION NO. 1**

5    **PLAINTIFFS' ARGUMENTATIVE AND INFLAMMATORY ALLEGATIONS**

6    Defendants file this General Objection to the FAC because the FAC consists primarily of

7    improper, offensive, and argumentative statements couched in inflammatory and salacious

8    language and purported "definitions."  By way of example only, Defendants object to Plaintiffs'

9    continued use throughout the FAC of the salacious, inflammatory, false, and improper terms, such

10    as "Fake Free Offer," "True Free Offer," "Bait-and-Switch Program," "trick[]," and "hijack."

11    Defendants categorically deny that any of these offensive terms apply to Defendants or any H&R

12    Block tax preparation services.

13    The FAC, as so drafted, violates Federal Rules of Civil Procedure 8 and 12(f), which

14    require a pleading to contain a concise statement of the facts supporting a claim that may be fairly

15    admitted or denied, and prohibits impertinent or scandalous allegations meant only to cast one's

16    opponent in a negative light or as a bad actor.  Fed. R. Civ. P. 8(d) (stating "[e]ach allegation

17    must be simple, concise, and direct"); Fed. R. Civ. P. 12(f) (permitting a court to strike any

18    "redundant, immaterial, impertinent, or scandalous matter"); *see Cortina v. Goya Foods Inc.*,

19    94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (defining a "scandalous pleading" under Rule 12(f) as

20    one that "improperly casts a derogatory light on someone, most typically on a party to the

21    action") (citation omitted); *Beasley v. Lucky Stores, Inc.*, 400 F. Supp. 3d 942, 963 (N.D. Cal.

22    2019) (granting Rule 12(f) motion to strike "given how far afield the challenged allegations

23    range[d] from the conduct and claims at issue" and because they served "solely to prejudice [the

24    defendant] by painting it as a bad actor"); *Fantasy, Inc. v. Forgerty*, 984 F.2d 1524, 1527

25    (9th Cir. 1993), *reversed on other grounds*, 510 U.S. 517 (1994) (noting that Rule 12(f) permits a

26    court to strike from a pleading matter which "has no essential or important relationship to the

27    claim for relief or the defenses being pleaded" and matter that consists of statements that do not

28    pertain to and are not necessary to the issues in question) (citation omitted); *McHenry v. Renne*,

1

84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal under Rule 8 where pleading was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Harnden v. California*, 2010 WL 3489379, *1 (N.D. Cal. Sept. 2, 2010) (noting that plaintiff's initial complaint was dismissed under Rule 8 due to its "highly inflammatory" nature). As drafted, Plaintiffs' FAC was clearly filed as an effort to grab attention by painting Defendants in a negative light rather than to make factual allegations that can be fairly admitted or denied. Thus, the FAC as drafted is objectionable, in its entirety, and leaves Defendants in the position of being unable to respond in any meaningful way to the highly improper allegations.[1]

## DEFENDANTS' GENERAL OBJECTION NO. 2
## PLAINTIFFS' FAILURE TO DISTINGUISH BETWEEN
## HRB TAX GROUP AND HRB DIGITAL

Defendants file this General Objection to Plaintiffs' FAC because the FAC collectively defines "Defendants" to include both of the individually named defendants—HRB Tax Group and HRB Digital. FAC ¶¶ 1, 11. The FAC then generically pleads its allegations against both Defendants, which is improper, particularly in light of the fact that Plaintiffs' claims sound in fraud, and thus Plaintiffs must specifically plead the alleged fraudulent acts and omissions engaged in by each separate defendant. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.") (citation and ellipsis omitted); *Chevalier v. Ray & Joan Kroc Corps. Cmty. Ctr.*, 2012 WL 2088819, at *2 (N.D. Cal. June 8, 2012) (noting that a complaint that fails to "identify which wrongs were committed by which Defendant" is insufficient); *In re iPhone Application Litig.*, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011) (noting that when a pleading fails "to allege what role each Defendant played in the alleged harm," it "makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations"). By lumping

---

[1] Defendants filed a Motion to Strike under Fed. R. Civ. P 12(f) addressed to specific improper allegations in the FAC. *See* Dkt. No. 86.

1   HRB Tax Group and HRB Digital together throughout the FAC, Plaintiffs' FAC makes it

2   difficult to fairly and meaningfully respond to the allegations contained therein, and thus the

3   FAC, as drafted, is objectionable in its entirety.

4                                    **INTRODUCTION**

5          1.      In addition to their General Objections, and in response to the allegations in

6   Paragraph 1 of the FAC, the allegations include legal conclusions to which no response is

7   required.  To the extent that the paragraph contains any allegations requiring a response,

8   Defendants admit that Plaintiffs purport to bring a proposed putative class action alleging

9   violations of the three California statutes cited in Paragraph 1.  Except as so expressly admitted,

10  Defendants deny the remaining allegations.

11         2.      In addition to their General Objections, and in response to the allegations in

12  Paragraph 2 of the FAC, Defendants admit that they market and sell H&R Block tax preparation

13  services.  Except as so expressly admitted, Defendants deny the remaining allegations.

14         3.      In addition to their General Objections, and in response to the allegations in

15  Paragraph 3 of the FAC, Defendants admit that the IRS negotiated and entered into the Free File

16  Agreement with a consortium of tax preparation companies.  Under this agreement, as amended,

17  member companies provide no-cost tax-preparation services to the IRS Free File program that can

18  be used by up to 70 percent of taxpayers.  Except as so expressly admitted, Defendants deny the

19  remaining allegations.

20         4.      In addition to their General Objections, and in response to the allegations in

21  Paragraph 4 of the FAC, the allegations include legal conclusions to which no response is

22  required.  To the extent that the paragraph contains any allegations requiring a response,

23  Defendants admit that the IRS Free File program delivered by H&R Block is available to eligible

24  taxpayers who access the program.  Except as so expressly admitted, Defendants deny the

25  remaining allegations.

26         5.      In addition to their General Objections, and in response to the allegations in

27  Paragraph 5 of the FAC, the allegations include legal conclusions to which no response is

28  required.  To the extent that the paragraph contains any allegations requiring a response,

3

Defendants admit that HRB Digital offers the H&R Block Free Online service and that its descriptions of the service include (but are not limited to) the word "free."  Except as so expressly admitted, Defendants deny the remaining allegations.

6.      In addition to their General Objections, and in response to the allegations in Paragraph 6 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

7.      In addition to their General Objections, and in response to the allegations in Paragraph 7 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

**PARTIES**

8.      In addition to their General Objections, and in response to the allegations in Paragraph 8 of the FAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

9.      In addition to their General Objections, and in response to the allegations in Paragraph 9 of the FAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

10.      In addition to their General Objections, and in response to the allegations in Paragraph 10 of the FAC, Defendants admit the allegations.

11.      In addition to their General Objections, and in response to the allegations in Paragraph 11 of the FAC, Defendants admit the allegations.

12.      In addition to their General Objections, and in response to the allegations in Paragraph 12 of the FAC, Defendants admit that Plaintiffs have improperly pled their FAC by collectively referring to each of the individually named defendants throughout the FAC.  Except as so expressly admitted, Defendants deny the remaining allegations.

/ / /

/ / /

13.     In addition to their General Objections, and in response to the allegations in Paragraph 13 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

14.     In addition to their General Objections, and in response to the allegations in Paragraph 14 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

15.     In addition to their General Objections, and in response to the allegations in Paragraph 15 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

16.     In addition to their General Objections, and in response to the allegations in Paragraph 16 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

**JURISDICTION AND VENUE**

17.     In addition to their General Objections, and in response to the allegations in Paragraph 17 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants admit that Plaintiffs purport to bring this action pursuant to, among other things, California Business and Professions Code, section 17200, and that Plaintiffs and Defendants are persons within the meaning of California Business and Professions Code, section 17201.  Except as so expressly admitted, Defendants deny the remaining allegations.

18.     In addition to their General Objections, and in response to the allegations in Paragraph 18 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

19.     In addition to their General Objections, and in response to the allegations in Paragraph 19 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants admit that H&R Block tax preparation services are marketed in California to citizens of California and that certain taxpayers in California utilize H&R Block tax preparation services. Except as so expressly admitted, Defendants deny the remaining allegations.

20.     In addition to their General Objections, and in response to the allegations in Paragraph 20 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants admit that they conduct business in California, including the County of San Francisco.  Except as so expressly admitted, Defendants deny the remaining allegations.

21.     In addition to their General Objections, and in response to the allegations in Paragraph 21 of the FAC, to the extent that the allegations purport to summarize, characterize, and/or quote any statements in the referenced Online Services Agreement, the Online Services Agreement speaks for itself and is the best evidence of its content; Defendants refer to the full text of the Online Services Agreement for a complete and accurate recitation of its content and deny each allegation inconsistent therewith.  To the extent that the paragraph contains any remaining allegations, Defendants admit that the H&R Block Online Services Agreement is associated with, among other things, H&R Block online tax preparation services and that it contains an Arbitration Agreement.  Except as so expressly admitted, Defendants deny the remaining allegations.

22.     In addition to their General Objections, and in response to the allegations in Paragraph 22 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response and the allegations purport to summarize, characterize, and/or quote the Online Services Agreement or any legal authority, the Online Services Agreement or legal authority speaks for itself and is the best evidence of its content; Defendants refer to the full text of the Online Services Agreement or legal authority for a complete and accurate recitation of its content and deny each allegation

6

inconsistent therewith.  To the extent that the paragraph contains any remaining allegations, Defendants deny the allegations.

23.     In addition to their General Objections, and in response to the allegations in Paragraph 23 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response and the allegations purport to summarize, characterize, and/or quote any statements in the referenced Online Services Agreement, the Online Services Agreement speaks for itself and is the best evidence of its content; Defendants refer to the full text of the Online Services Agreement for a complete and accurate recitation of its content and deny each allegation inconsistent therewith. To the extent that the paragraph contains any remaining allegations, Defendants admit that Plaintiff Snarr opted out of the Arbitration Agreement in his Online Services Agreement.  Except as so expressly admitted, Defendants deny the remaining allegations.

24.     In addition to their General Objections, and in response to the allegations in Paragraph 24 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants admit that Plaintiff Snarr filed federal and state tax returns on April 15, 2019, and opted out of the Arbitration Agreement in his Online Services Agreement on May 14, 2019, by filling out the form found at www.hrblock.com/goto/optout.  Except as so expressly admitted, Defendants deny the remaining allegations.

25.     In addition to their General Objections, and in response to the allegations in Paragraph 25 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants admit that the purported declaration by Plaintiff Snarr is attached as an exhibit to the FAC.  Except as so expressly admitted, Defendants deny the remaining allegations.

26.     In addition to their General Objections, and in response to the allegations in Paragraph 26 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants affirmatively state that the appropriate venue for this action is the Western District of

7

Missouri.  Defendants further affirmatively state that Plaintiffs are obligated to arbitrate their claims against Defendants pursuant to the terms of their Online Services Agreement and Client Service Agreement.  To the extent that the paragraph contains any remaining allegations, Defendants deny the allegations.

## SUBSTANTIVE ALLEGATIONS

27.     In addition to their General Objections, and in response to the allegations in Paragraph 27 of the FAC, to the extent that the allegations purport to summarize, characterize, and/or quote any statements on or portions of the referenced webpage, the webpage speaks for itself and is the best evidence of its content; Defendants refer to the full text of the referenced webpage for a complete and accurate recitation of its content and deny each allegation inconsistent therewith.  To the extent that the paragraph contains any remaining allegations, Defendants deny the allegations.

28.     In addition to their General Objections, and in response to the allegations in Paragraph 28 of the FAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the extent that the paragraph contains any remaining allegations, Defendants deny the allegations.

29.     In addition to their General Objections, and in response to the allegations in Paragraph 29 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants admit that HRB Digital offers tax preparation services, including online services.  Except as so expressly admitted, Defendants deny the remaining allegations.

30.     In addition to their General Objections, and in response to the allegations in Paragraph 30 of the FAC, to the extent that the allegations purport to summarize, characterize, and/or quote any legal authority, including the Restructuring and Reform Act of 1998, the legal authority speaks for itself and is the best evidence of its content; Defendants refer to the full text of the legal authority for a complete and accurate recitation of its content and deny each allegation inconsistent therewith.  To the extent that the paragraph contains any remaining allegations, Defendants admit that the IRS negotiated and entered into the Free File Agreement

with a consortium of tax preparation companies.  Under this agreement, as amended, member companies provide no-cost tax-preparation services to the IRS Free File program that can be used by up to 70 percent of taxpayers.  Except as so expressly admitted, Defendants deny the remaining allegations.

31.     In addition to their General Objections, and in response to the allegations in Paragraph 31 of the FAC, to the extent that the allegations purport to summarize, characterize, and/or quote the Free File Agreement or any Memorandum of Understanding related thereto, or corporate documents regarding the formation and purpose of the Free File Alliance, LLC or Free File, Inc., the agreements and documents speak for themselves and are the best evidence of their content; Defendants refer to the full text of the agreements and documents for a complete and accurate recitation of their content and deny each allegation inconsistent therewith.  To the extent that the paragraph contains any remaining allegations, Defendants admit that, in 2002, the IRS negotiated and entered into the Free File Agreement with a consortium of tax preparation companies.  Under this agreement, as amended, member companies provide no-cost tax-preparation services to the IRS Free File program that can be used by up to 70 percent of taxpayers.  The consortium is now known as Free File, Inc., which was formerly known as Free File Alliance, LLC.  Except as so expressly admitted, Defendants deny the remaining allegations.

32.     In addition to their General Objections, and in response to the allegations in Paragraph 32 of the FAC, Defendants admit that HRB Digital is a member of Free File, Inc., and participates in the IRS Free File program.  Except as so expressly admitted, Defendants deny the remaining allegations.

33.     In addition to their General Objections, and in response to the allegations in Paragraph 33 of the FAC, to the extent that the allegations purport to summarize, characterize, and/or quote the provisions or terms of the Free File Agreement or any Memorandum of Understanding related thereto, the agreements and documents speak for themselves and are the best evidence of their content; Defendants refer to the full text of the agreements and documents for a complete and accurate recitation of their content and deny each allegation inconsistent therewith.  To the extent that the paragraph contains any remaining allegations, Defendants admit

9

that under the Free File Agreement, as amended, member companies provide no-cost tax preparation services to the IRS Free File program that can be used by up to 70 percent of taxpayers.  Defendants admit that the IRS Free File program is available to eligible taxpayers who access the program, and that, in Tax Year 2018, the IRS Free File program was available to taxpayers who accessed the program if they had an adjusted gross income of $66,000 or less. Except as so expressly admitted, Defendants deny the remaining allegations.

34.    In addition to their General Objections, and in response to the allegations in Paragraph 34 of the FAC, to the extent that the allegations purport to summarize, characterize, and/or quote any statements in the Eighth Memorandum of Understanding, the Eighth Memorandum of Understanding speaks for itself and is the best evidence of its content; Defendants refer to the full text of the Eighth Memorandum of Understanding (including the 2019 Addendum to the Eighth Memorandum of Understanding) for a complete and accurate recitation of its content and deny each allegation inconsistent therewith.  Defendants further respond that, to the extent that the allegations assert that the Eighth Memorandum of Understanding applies to the entirety of Plaintiffs' claims, the various Memoranda of Understanding that have been entered between the IRS and Free File, Inc. speak for themselves and are the best evidence of their content; Defendants refer to the full text of the Memoranda of Understanding for a complete and accurate recitation of their content and deny each allegation inconsistent therewith. To the extent that the paragraph contains any remaining allegations, Defendants deny the allegations.

35.    In addition to their General Objections, and in response to the allegations in Paragraph 35 of the FAC, to the extent that the allegations purport to summarize, characterize, and/or quote the provisions or terms of the Free File Agreement or any Memorandum of Understanding related thereto, the agreement or documents speak for themselves and are the best evidence of their content; Defendants refer to the full text of the agreements or documents for a complete and accurate recitation of their content and deny each allegation inconsistent therewith. To the extent that the paragraph contains any remaining allegations, Defendants deny the allegations.

/ / /

AMENDED ANSWER TO FIRST AMENDED COMPLAINT
Case No. 3:19-cv-03610-SK

36. In addition to their General Objections, and in response to the allegations in Paragraph 36 of the FAC, to the extent that the allegations purport to summarize, characterize, and/or quote statements in the Eighth Memorandum of Understanding, the Eighth Memorandum of Understanding speaks for itself and is the best evidence of its content; Defendants refer to the full text of the Eighth Memorandum of Understanding (including the 2019 Addendum to the Eighth Memorandum of Understanding) for a complete and accurate recitation of its content and deny each allegation inconsistent therewith. Defendants further respond that, to the extent that the allegations assert that the Eighth Memorandum of Understanding applies to the entirety of Plaintiffs' claims, the various Memoranda of Understanding that have been entered between the IRS and Free File, Inc. speak for themselves and are the best evidence of their content; Defendants refer to the full text of the Memoranda of Understanding for a complete and accurate recitation of their content and deny each allegation inconsistent therewith. To the extent that the paragraph contains any remaining allegations, Defendants deny the allegations.

37. In addition to their General Objections, and in response to the allegations in Paragraph 37 of the FAC, to the extent that the allegations purport to summarize, characterize, and/or quote the provisions or terms of the Free File Agreement or any Memorandum of Understanding related thereto, as well as informational documents and webpages regarding the IRS Free File program, the agreements, documents, and webpages speak for themselves and are the best evidence of their content; Defendants refer to the full text of the agreements, documents, and webpages for a complete and accurate recitation of their content and deny each allegation inconsistent therewith. To the extent that the paragraph contains any remaining allegations, Defendants admit that the Free File Agreement and Memoranda of Understanding permit each member of Free File, Inc. to determine the eligibility criteria for its offer under the IRS Free File program and that, in Tax Year 2018, the IRS Free File program delivered by H&R Block was available to taxpayers who accessed the program if they had an adjusted gross income of $66,000 or less and met one or more of the following criteria: were (i) between the ages of 17 and 51, (ii) active duty military, or (iii) eligible for the Earned Income Tax Credit. Except as so expressly admitted, Defendants deny the remaining allegations.

38.     In addition to their General Objections, and in response to the allegations in Paragraph 38 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response and the allegations purport to summarize, characterize, and/or quote any statements in the Eighth Memorandum of Understanding, the Eighth Memorandum of Understanding speaks for itself and is the best evidence of its content; Defendants refer to the full text of the Eighth Memorandum of Understanding (including the 2019 Addendum to the Eighth Memorandum of Understanding) for a complete and accurate recitation of its content and deny each allegation inconsistent therewith. Defendants further respond that, to the extent that the allegations assert that the Eighth Memorandum of Understanding applies to the entirety of Plaintiffs' claims, the various Memoranda of Understanding that have been entered between the IRS and Free File, Inc. speak for themselves and are the best evidence of their content; Defendants refer to the full text of the Memoranda of Understanding for a complete and accurate recitation of their content and deny each allegation inconsistent therewith. To the extent that the paragraph contains any remaining allegations, Defendants deny the allegations.

39.     In addition to their General Objections, and in response to the allegations in Paragraph 39 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response and the allegations purport to summarize, characterize, and/or quote any statements in the Eighth Memorandum of Understanding, the Eighth Memorandum of Understanding speaks for itself and is the best evidence of its content; Defendants refer to the full text of the Eighth Memorandum of Understanding (including the 2019 Addendum to the Eighth Memorandum of Understanding) for a complete and accurate recitation of its content and deny each allegation inconsistent therewith. Defendants further respond that, to the extent that the allegations assert that the Eighth Memorandum of Understanding applies to the entirety of Plaintiffs' claims, the various Memoranda of Understanding that have been entered between the IRS and Free File, Inc. speak for themselves and are the best evidence of their content; Defendants refer to the full text of the Memoranda of Understanding for a complete and accurate recitation of their content and deny

12

1    each allegation inconsistent therewith. To the extent that the paragraph contains any remaining

2    allegations, Defendants deny the allegations.

3        40.    In addition to their General Objections, and in response to the allegations in

4    Paragraph 40 of the FAC, the allegations include legal conclusions to which no response is

5    required.  To the extent that the paragraph contains any allegations requiring a response and the

6    allegations purport to summarize, characterize, and/or quote any statements in the Eighth

7    Memorandum of Understanding, the Eighth Memorandum of Understanding speaks for itself and

8    is the best evidence of its content; Defendants refer to the full text of the Eighth Memorandum of

9    Understanding (including the 2019 Addendum to the Eighth Memorandum of Understanding) for

10   a complete and accurate recitation of its content and deny each allegation inconsistent therewith.

11   Defendants further respond that, to the extent that the allegations assert that the Eighth

12   Memorandum of Understanding applies to the entirety of Plaintiffs' claims, the various

13   Memoranda of Understanding that have been entered between the IRS and Free File, Inc. speak

14   for themselves and are the best evidence of their content; Defendants refer to the full text of the

15   Memoranda of Understanding for a complete and accurate recitation of their content and deny

16   each allegation inconsistent therewith. To the extent that the paragraph contains any remaining

17   allegations, Defendants deny the allegations.

18       41.    In addition to their General Objections, and in response to the allegations in

19   Paragraph 41 of the FAC, the allegations include legal conclusions to which no response is

20   required.  To the extent that the paragraph contains any allegations requiring a response,

21   Defendants deny the allegations.

22       42.    In addition to their General Objections, and in response to the allegations in

23   Paragraph 42 of the FAC, to the extent that the allegations purport to summarize, characterize,

24   and/or quote any statements in or portions of the referenced webpage, the webpage speaks for

25   itself and is the best evidence of its content; Defendants refer to the full text of the referenced

26   webpage for a complete and accurate recitation of its content and deny each allegation

27   inconsistent therewith.  To the extent that the allegations purport to summarize, characterize,

28   and/or quote any statements in the Eighth Memorandum of Understanding, the Eighth

13

AMENDED ANSWER TO FIRST AMENDED COMPLAINT
Case No. 3:19-cv-03610-SK

1   Memorandum of Understanding speaks for itself and is the best evidence of its content;

2   Defendants refer to the full text of the Eighth Memorandum of Understanding (including the 2019

3   Addendum to the Eighth Memorandum of Understanding) for a complete and accurate recitation

4   of its content and deny each allegation inconsistent therewith.  Defendants further respond that, to

5   the extent that the allegations assert that the Eighth Memorandum of Understanding applies to the

6   entirety of Plaintiffs' claims, the various Memoranda of Understanding that have been entered

7   between the IRS and Free File, Inc. speak for themselves and are the best evidence of their

8   content; Defendants refer to the full text of the Memoranda of Understanding for a complete and

9   accurate recitation of their content and deny each allegation inconsistent therewith.  To the extent

10  that the paragraph contains any remaining allegations, Defendants admit that the IRS Free File

11  program delivered by H&R Block is available to eligible taxpayers who access the program, and

12  that, in Tax Year 2018, the IRS Free File program delivered by H&R Block was available to

13  taxpayers who accessed the program if they had an adjusted gross income of $66,000 or less and

14  met one or more of the following criteria:  were (i) between the ages of 17 and 51, (ii) active duty

15  military, or (iii) eligible for the Earned Income Tax Credit.  Except as so expressly admitted,

16  Defendants deny the remaining allegations.

17         43.    In addition to their General Objections, and in response to the allegations in

18  Paragraph 43 of the FAC, Defendants object to lines 18-20 of the paragraph on the ground that

19  Defendants have filed a motion, pursuant to Federal Rule of Civil Procedure 12(f), to strike lines

20  18-20 of this paragraph from the FAC.  The remaining allegations in the paragraph include legal

21  conclusions to which no response is required.  In the event that Defendants' Motion to Strike the

22  lines at issue in this paragraph is denied, and to the extent that the paragraph contains any

23  allegations requiring a response, Defendants deny the allegations.

24         44.    In addition to their General Objections, and in response to the allegations in

25  Paragraph 44 of the FAC, Defendants deny the allegations.

26  / / /

27  / / /

28  / / /

45.     In addition to their General Objections, and in response to the allegations in Paragraph 45 of the FAC, Defendants object to the paragraph on the ground that Defendants have filed a motion, pursuant to Federal Rule of Civil Procedure 12(f), to strike this paragraph from the FAC.  In the event that Defendants' Motion to Strike this paragraph is denied, and to the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

46.     In addition to their General Objections, and in response to the allegations in Paragraph 46 of the FAC, Defendants admit that the following coding language was used on the hrblock.com/ffa webpage:  <meta name="robots" content="noindex, nofollow">.  Except as so expressly admitted, Defendants deny the remaining allegations.

47.     In addition to their General Objections, and in response to the allegations in Paragraph 47 of the FAC, to the extent that the paragraph contains any allegations requiring a response and the allegations purport to summarize, characterize, and/or quote any statements in or portions of the referenced search results, the search results speak for themselves and are the best evidence of their content; Defendants refer to the full text of the referenced search results for a complete and accurate recitation of their content and deny each allegation inconsistent therewith. As to any remaining allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

48.     In addition to their General Objections, and in response to the allegations in Paragraph 48 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants admit that ProPublica has published articles relating to the IRS Free File program.  To the extent that the allegations purport to summarize, characterize, and/or quote any statements in the referenced ProPublica articles, the articles speak for themselves and are the best evidence of their content.  Except as so expressly admitted, Defendants deny the remaining allegations in the paragraph and deny the allegations and statements in the referenced ProPublica articles.

/ / /

/ / /

/ / /

49.     In addition to their General Objections, and in response to the allegations in Paragraph 49 of the FAC, Defendants admit that that the following coding language is currently used on the hrblock.com/ffa webpage:  <meta name="robots" content="noindex, nofollow">. Except as so expressly admitted, Defendants deny the remaining allegations.

50.     In addition to their General Objections, and in response to the allegations in Paragraph 50 of the FAC, Defendants refer Plaintiffs to their response to Paragraph 49 above. Except as so expressly admitted, Defendants deny the remaining allegations.

51.     In addition to their General Objections, and in response to the allegations in Paragraph 51 of the FAC, Defendants deny the allegations.

52.     In addition to their General Objections, and in response to the allegations in Paragraph 52 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

53.     In addition to their General Objections, and in response to the allegations in Paragraph 53 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response and the allegations purport to summarize, characterize, screen shot, and/or quote any statements in or portions of the referenced webpages, the webpages speak for themselves and are the best evidence of their content; Defendants refer to the full text of the referenced webpages for a complete and accurate recitation of their content and deny each allegation inconsistent therewith. Except as so expressly admitted, Defendants deny the remaining allegations.

54.     In addition to their General Objections, and in response to the allegations in Paragraph 54 of the FAC, Defendants object to the paragraph on the ground that Defendants have filed a motion, pursuant to Federal Rule of Civil Procedure 12(f), to strike this paragraph from the FAC.  In the event that Defendants' Motion to Strike this paragraph is denied, and to the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

55.     In addition to their General Objections, and in response to the allegations in Paragraph 55 of the FAC, Defendants object to the paragraph on the ground that Defendants have

16

filed a motion, pursuant to Federal Rule of Civil Procedure 12(f), to strike this paragraph from the FAC.  In the event that Defendants' Motion to Strike this paragraph is denied, and to the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

56.     In addition to their General Objections, and in response to the allegations in Paragraph 56 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

57.     In addition to their General Objections, and in response to the allegations in Paragraph 57 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response and the allegations purport to summarize, characterize, and/or quote H&R Block online tax preparation services, the services speak for themselves and are the best evidence of their content; Defendants refer to H&R Block online tax preparation services for a complete and accurate recitation of their content and deny each allegation inconsistent therewith.  Except as so expressly admitted, Defendants deny the remaining allegations.

58.     In addition to their General Objections, and in response to the allegations in Paragraph 58 of the FAC, to the extent that the allegations purport to summarize, characterize, and/or quote any statements in or portions of the referenced Google search result screenshot, the Google search result screenshot speaks for itself and is the best evidence of its content; Defendants refer to the full text of the referenced Google search result screenshot for a complete and accurate recitation of its content and deny each allegation inconsistent therewith.  Except as so expressly admitted, Defendants deny the remaining allegations.

59.     In addition to their General Objections, and in response to the allegations in Paragraph 59 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

60.     In addition to their General Objections, and in response to the allegations in Paragraph 60 of the FAC, to the extent that the allegations purport to summarize, characterize,

AMENDED ANSWER TO FIRST AMENDED COMPLAINT
Case No. 3:19-cv-03610-SK

and/or quote statements in or portions of the referenced webpages, the referenced webpages speak for themselves and are the best evidence of their content; Defendants refer to the full text of the referenced webpages for a complete and accurate recitation of their content and deny each allegation inconsistent therewith.  To the extent that the paragraph contains any remaining allegations, Defendants deny the allegations.

61.     In addition to their General Objections, and in response to the allegations in Paragraph 61 of the FAC, Defendants object to the paragraph on the ground that Defendants have filed a motion, pursuant to Federal Rule of Civil Procedure 12(f), to strike this paragraph from the FAC.  In the event that Defendants' Motion to Strike this paragraph is denied, and to the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

62.     In addition to their General Objections, and in response to the allegations in Paragraph 62 of the FAC, Defendants object to the paragraph on the ground that Defendants have filed a motion, pursuant to Federal Rule of Civil Procedure 12(f), to strike this paragraph from the FAC.  In the event that Defendants' Motion to Strike this paragraph is denied, and to the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

63.     In addition to their General Objections, and in response to the allegations in Paragraph 63 of the FAC, Defendants object to the paragraph on the ground that Defendants have filed a motion, pursuant to Federal Rule of Civil Procedure 12(f), to strike this paragraph from the FAC.  In the event that Defendants' Motion to Strike this paragraph is denied, and to the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

64.     In addition to their General Objections, and in response to the allegations in Paragraph 64 of the FAC, Defendants object to the paragraph on the ground that Defendants have filed a motion, pursuant to Federal Rule of Civil Procedure 12(f), to strike this paragraph from the FAC.  In the event that Defendants' Motion to Strike this paragraph is denied, and to the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

65.     In addition to their General Objections, and in response to the allegations in Paragraph 65 of the FAC, Defendants object to the paragraph on the ground that Defendants have filed a motion, pursuant to Federal Rule of Civil Procedure 12(f), to strike this paragraph from the

1  FAC.  In the event that Defendants' Motion to Strike this paragraph is denied, and to the extent

2  that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

3       66.    In addition to their General Objections, and in response to the allegations in

4  Paragraph 66 of the FAC, Defendants object to the paragraph on the ground that Defendants have

5  filed a motion, pursuant to Federal Rule of Civil Procedure 12(f), to strike this paragraph from the

6  FAC.  In the event that Defendants' Motion to Strike this paragraph is denied, and to the extent

7  that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

8       67.    In addition to their General Objections, and in response to the allegations in

9  Paragraph 67 of the FAC, Defendants object to the paragraph on the ground that Defendants have

10  filed a motion, pursuant to Federal Rule of Civil Procedure 12(f), to strike this paragraph from the

11  FAC.  In the event that Defendants' Motion to Strike this paragraph is denied, and to the extent

12  that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

13       68.    In addition to their General Objections, and in response to the allegations in

14  Paragraph 68 of the FAC, the allegations include legal conclusions to which no response is

15  required.  To the extent that the paragraph contains any allegations requiring a response and the

16  allegations purport to summarize, characterize, and/or quote any statements in or portions of the

17  referenced search result, the search result speaks for itself and is the best evidence of its content;

18  Defendants refer to the full text of the referenced search result for a complete and accurate

19  recitation of its content and deny each allegation inconsistent therewith.  As to any remaining

20  allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of

21  the allegations and on that basis deny them.

22       69.    In addition to their General Objections, and in response to the allegations in

23  Paragraph 69 of the FAC, the allegations include legal conclusions to which no response is

24  required.  To the extent that the paragraph contains any allegations requiring a response,

25  Defendants deny the allegations.

26       70.    In addition to their General Objections, and in response to the allegations in

27  Paragraph 70 of the FAC, to the extent that the allegations purport to summarize, characterize,

28  and/or quote H&R Block online tax preparation services, the services speak for themselves and

19

are the best evidence of their content; Defendants refer to H&R Block online tax preparation

services for a complete and accurate recitation of their content and deny each allegation

inconsistent therewith.  To the extent that the paragraph contains any remaining allegations,

Defendants deny the allegations.

71.     In addition to their General Objections, and in response to the allegations in

Paragraph 71 of the FAC, to the extent that the allegations purport to summarize, characterize,

and/or quote H&R Block online tax preparation services, the services speak for themselves and

are the best evidence of their content; Defendants refer to H&R Block online tax preparation

services for a complete and accurate recitation of their content and deny each allegation

inconsistent therewith.  To the extent that the paragraph contains any remaining allegations,

Defendants admit that taxpayers input information as part of the tax return preparation process.

Except as so expressly admitted, Defendants deny the remaining allegations.

72.     In addition to their General Objections, and in response to the allegations in

Paragraph 72 of the FAC, Defendants deny the allegations.

73.     In addition to their General Objections, and in response to the allegations in

Paragraph 73 of the FAC, the allegations include legal conclusions to which no response is

required.  To the extent that the paragraph contains any allegations requiring a response and the

allegations purport to summarize, characterize, and/or quote H&R Block online tax preparation

services, the services speak for themselves and are the best evidence of their content; Defendants

refer to H&R Block online tax preparation services for a complete and accurate recitation of their

content and deny each allegation inconsistent therewith.  To the extent that the paragraph contains

any remaining allegations, Defendants deny the allegations.

74.     In addition to their General Objections, and in response to the allegations in

Paragraph 74 of the FAC, the allegations include legal conclusions to which no response is

required.  To the extent that the paragraph contains any allegations requiring a response and the

allegations purport to summarize, characterize, and/or quote H&R Block online tax preparation

services, the services speak for themselves and are the best evidence of their content; Defendants

refer to H&R Block online tax preparation services for a complete and accurate recitation of their

content and deny each allegation inconsistent therewith.  To the extent that the paragraph contains any remaining allegations, Defendants deny the allegations.

75.     In addition to their General Objections, and in response to the allegations in Paragraph 75 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

76.     In addition to their General Objections, and in response to the allegations in Paragraph 76 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response and the allegations purport to summarize, characterize, and/or quote H&R Block online tax preparation services, the services speak for themselves and are the best evidence of their content; Defendants refer to H&R Block online tax preparation services for a complete and accurate recitation of their content and deny each allegation inconsistent therewith.  To the extent that the paragraph contains any remaining allegations, Defendants deny the allegations.

77.     In addition to their General Objections, and in response to the allegations in Paragraph 77 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response and the allegations purport to summarize, characterize, and/or quote H&R Block online tax preparation services, the services speak for themselves and are the best evidence of their content; Defendants refer to H&R Block online tax preparation services for a complete and accurate recitation of their content and deny each allegation inconsistent therewith.  To the extent that the paragraph contains any remaining allegations, Defendants deny the allegations.

78.     In addition to their General Objections, and in response to the allegations in Paragraph 78 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response and the allegations purport to summarize, characterize, and/or quote any statements in the cited Eighth Memorandum of Understanding, the Eighth Memorandum of Understanding speaks for itself and is the best evidence of its content; Defendants refer to the full text of the Eighth Memorandum of

Understanding (including the 2019 Addendum to the Eighth Memorandum of Understanding) for a complete and accurate recitation of its content and deny each allegation inconsistent therewith. Defendants further respond that, to the extent that the allegations assert that the Eighth Memorandum of Understanding applies to the entirety of Plaintiffs' claims, the various Memoranda of Understanding that have been entered between the IRS and Free File, Inc. speak for themselves and are the best evidence of their content; Defendants refer to the full text of the Memoranda of Understanding for a complete and accurate recitation of their content and deny each allegation inconsistent therewith. To the extent that the paragraph contains any remaining allegations, Defendants deny the allegations.

79.     In addition to their General Objections, and in response to the allegations in Paragraph 79 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

80.     In addition to their General Objections, and in response to the allegations in Paragraph 80 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

81.     In addition to their General Objections, and in response to the allegations in Paragraph 81 of the FAC, to the extent that the allegations purport to summarize, characterize, and/or quote any statements in or portions of the referenced webpage, the webpage speaks for itself and is the best evidence of its content; Defendants refer to the full text of the referenced webpage for a complete and accurate recitation of its content and deny each allegation inconsistent therewith.  To the extent that the paragraph contains any remaining allegations, Defendants deny the allegations.

82.     In addition to their General Objections, and in response to the allegations in Paragraph 82 of the FAC, to the extent that the allegations refer to the purported state of mind of Plaintiff Olosoni, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the extent that the paragraph contains any

1  remaining allegations, based on information and belief, Defendants admit that Plaintiff Olosoni's

2  adjusted gross income for 2018 was less than $66,000.  Except as so expressly admitted,

3  Defendants deny the remaining allegations.

4        83.    In addition to their General Objections, and in response to the allegations in

5  Paragraph 83 of the FAC, the allegations include legal conclusions to which no response is

6  required.  To the extent that the paragraph contains any allegations requiring a response and the

7  allegations refer to the purported state of mind of Plaintiff Olosoni, Defendants lack knowledge or

8  information sufficient to form a belief as to the truth of the allegations and on that basis deny

9  them.  To the extent that the paragraph contains any remaining allegations, Defendants admit that

10  Plaintiff Olosoni has used H&R Block online tax preparation services to file taxes since 2014.

11  Except as so expressly admitted, Defendants deny the remaining allegations.

12        84.    In addition to their General Objections, and in response to the allegations in

13  Paragraph 84 of the FAC, Defendants lack knowledge or information sufficient to form a belief as

14  to the truth of the allegations and on that basis deny them.

15        85.    In addition to their General Objections, and in response to the allegations in

16  Paragraph 85 of the FAC, to the extent that the allegations refer to the purported state of mind of

17  Plaintiff Olosoni, Defendants lack knowledge or information sufficient to form a belief as to the

18  truth of the allegations and on that basis deny them.  To the extent that the paragraph contains any

19  remaining allegations, Defendants deny the allegations.

20        86.    In addition to their General Objections, and in response to the allegations in

21  Paragraph 86 of the FAC, the allegations include legal conclusions to which no response is

22  required.  To the extent that the paragraph contains any allegations requiring a response,

23  Defendants admit that Plaintiff Olosoni logged into her online account in January 2019.  Except

24  as so expressly admitted, Defendants deny the remaining allegations.

25        87.    In addition to their General Objections, and in response to the allegations in

26  Paragraph 87 of the FAC, the allegations include legal conclusions to which no response is

27  required.  To the extent that the paragraph contains any allegations requiring a response and the

28  allegations refer to the purported state of mind of Plaintiff Olosoni, Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the extent that the paragraph contains any remaining allegations, Defendants admit that at various times Plaintiff Olosoni entered information as part of the online tax return preparation process.  To the extent that the paragraph contains any remaining allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

88.     In addition to their General Objections, and in response to the allegations in Paragraph 88 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response and the allegations refer to the purported state of mind of Plaintiff Olosoni, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the extent that the paragraph contains any remaining allegations, Defendants admit that H&R Block online tax preparation services provide a taxpayer the option to have any fees deducted from their refund.  Except as so expressly admitted, Defendants deny the remaining allegations.

89.     In addition to their General Objections, and in response to the allegations in Paragraph 89 of the FAC, to the extent that the allegations refer to the purported state of mind of Plaintiff Olosoni, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the extent that the paragraph contains any remaining allegations, Defendants deny the allegations.

90.     In addition to their General Objections, and in response to the allegations in Paragraph 90 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response and the allegations refer to the purported state of mind of Plaintiff Olosoni, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the extent that the paragraph contains any remaining allegations, Defendants deny the allegations and deny that Plaintiff Olosoni is entitled to any relief whatsoever.

/ / /

91.     In addition to their General Objections, and in response to the allegations in Paragraph 91 of the FAC, to the extent that the allegations refer to the purported state of mind of Plaintiff Snarr, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the extent that the paragraph contains any remaining allegations, based on information and belief, Defendants admit that Plaintiff Snarr's adjusted gross income for 2018 was less than $66,000.  Except as so expressly admitted, Defendants deny the remaining allegations.

92.     In addition to their General Objections, and in response to the allegations in Paragraph 92 of the FAC, to the extent that the paragraph contains any allegations requiring a response and the allegations purport to summarize, characterize, and/or quote any statements in or portions of the referenced search result, the search result speaks for itself and is the best evidence of its content; Defendants refer to the full text of the referenced search result for a complete and accurate recitation of its content and deny each allegation inconsistent therewith.  As to any remaining allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

93.     In addition to their General Objections, and in response to the allegations in Paragraph 93 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

94.     In addition to their General Objections, and in response to the allegations in Paragraph 94 of the FAC, to the extent that the allegations refer to the purported state of mind of Plaintiff Snarr, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the extent that the paragraph contains any remaining allegations, Defendants deny the allegations.

95.     In addition to their General Objections, and in response to the allegations in Paragraph 95 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response and the allegations refer to the purported state of mind of Plaintiff Snarr, Defendants lack knowledge or

25

1   information sufficient to form a belief as to the truth of the allegations and on that basis deny

2   them.  To the extent that the paragraph contains any remaining allegations, Defendants deny the

3   allegations.

4          96.     In addition to their General Objections, and in response to the allegations in

5   Paragraph 96 of the FAC, the allegations include legal conclusions to which no response is

6   required.  To the extent that the paragraph contains any allegations requiring a response and the

7   allegations refer to the purported state of mind of Plaintiff Snarr, Defendants lack knowledge or

8   information sufficient to form a belief as to the truth of the allegations and on that basis deny

9   them.  To the extent that the paragraph contains any remaining allegations, Defendants deny the

10  allegations.

11         97.     In addition to their General Objections, and in response to the allegations in

12  Paragraph 97 of the FAC, the allegations include legal conclusions to which no response is

13  required.  To the extent that the paragraph contains any allegations requiring a response and the

14  allegations refer to the purported state of mind of Plaintiff Snarr, Defendants lack knowledge or

15  information sufficient to form a belief as to the truth of the allegations and on that basis deny

16  them.  To the extent that the paragraph contains any remaining allegations, Defendants deny the

17  allegations and deny that Plaintiff Snarr is entitled to any relief whatsoever.

18         98.     In addition to their General Objections, and in response to the allegations in

19  Paragraph 98 of the FAC, the allegations include legal conclusions to which no response is

20  required.  To the extent that the paragraph contains any allegations requiring a response,

21  Defendants deny the allegations.

22         99.     In addition to their General Objections, and in response to the allegations in

23  Paragraph 99 of the FAC, the allegations include legal conclusions to which no response is

24  required.  To the extent that the paragraph contains any allegations requiring a response,

25  Defendants deny the allegations.

26  / / /

27  / / /

28  / / /

AMENDED ANSWER TO FIRST AMENDED COMPLAINT
Case No. 3:19-cv-03610-SK

100.    In addition to their General Objections, and in response to the allegations in Paragraph 100 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

101.    In addition to their General Objections, and in response to the allegations in Paragraph 101 of the FAC, Defendants object to the paragraph on the ground that Defendants have filed a motion, pursuant to Federal Rule of Civil Procedure 12(f), to strike this paragraph from the FAC.  In the event that Defendants' Motion to Strike this paragraph is denied, and to the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

102.    In addition to their General Objections, and in response to the allegations in Paragraph 102 of the FAC, Defendants object to the paragraph on the ground that Defendants have filed a motion, pursuant to Federal Rule of Civil Procedure 12(f), to strike this paragraph from the FAC.  In the event that Defendants' Motion to Strike this paragraph is denied, and to the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

103.    In addition to their General Objections, and in response to the allegations in Paragraph 103 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

104.    In addition to their General Objections, and in response to the allegations in Paragraph 104 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response and the allegations purport to summarize, characterize, and/or quote any legal authority, the legal authority speaks for itself and is the best evidence of its content; Defendants refer to the full text of the legal authority for a complete and accurate recitation of its content and deny each allegation inconsistent therewith.  To the extent that the paragraph contains any remaining allegations, Defendants admit that Plaintiffs claim they are seeking a public injunction, but

27

1  Defendants deny engaging in any deceptive and unfair practices and deny that Plaintiffs or any

2  member of the general public are entitled to any relief whatsoever.  Except as so expressly

3  admitted, Defendants deny the remaining allegations.

4       105.    In addition to their General Objections, and in response to the allegations in

5  Paragraph 105 of the FAC, the allegations include legal conclusions to which no response is

6  required.  To the extent that the paragraph contains any allegations requiring a response,

7  Defendants deny that Plaintiffs or any member of the general public are entitled to any relief

8  whatsoever.  To the extent that the paragraph contains any remaining allegations, Defendants

9  deny the allegations.

10       106.    In addition to their General Objections, and in response to the allegations in

11  Paragraph 106 of the FAC, the allegations include legal conclusions to which no response is

12  required.  To the extent that the paragraph contains any allegations requiring a response,

13  Defendants deny that Plaintiffs or any member of the general public are entitled to any relief

14  whatsoever.  To the extent that the paragraph contains any remaining allegations, Defendants

15  deny the allegations.

16       107.    In addition to their General Objections, and in response to the allegations in

17  Paragraph 107 of the FAC, the allegations include legal conclusions to which no response is

18  required.  To the extent that the paragraph contains any allegations requiring a response,

19  Defendants deny that Plaintiffs or any member of the general public are entitled to any relief

20  whatsoever.  To the extent that the paragraph contains any remaining allegations, Defendants

21  deny the allegations.

22       108.    In addition to their General Objections, and in response to the allegations in

23  Paragraph 108 of the FAC, the allegations include legal conclusions to which no response is

24  required.  To the extent that the paragraph contains any allegations requiring a response,

25  Defendants deny that Plaintiffs or any member of the general public are entitled to any relief

26  whatsoever.  To the extent that the paragraph contains any remaining allegations, Defendants

27  deny the allegations.

28  / / /

1    109.    In addition to their General Objections, and in response to the allegations in

2    Paragraph 109 of the FAC, the allegations include legal conclusions to which no response is

3    required.  To the extent that the paragraph contains any allegations requiring a response,

4    Defendants deny that Plaintiffs or any member of the general public are entitled to any relief

5    whatsoever.  To the extent that the allegations refer to the purported state of mind of Plaintiff

6    Olosoni, Plaintiff Snarr, or the public at large, Defendants lack knowledge or information

7    sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the

8    extent that the paragraph contains any remaining allegations, Defendants deny the allegations.

9                                    **CLASS ALLEGATIONS**

10    110.    In addition to their General Objections, and in response to the allegations in

11    Paragraph 110 of the FAC, the allegations include legal conclusions to which no response is

12    required.  To the extent that the paragraph contains any allegations requiring a response,

13    Defendants admit that Plaintiffs purport to bring a class action pursuant to Federal Rule of Civil

14    Procedure 23 but deny that this action may properly be certified or maintained as a class action

15    under Federal Rule of Civil Procedure 23.  Defendants further deny that the proposed class

16    definition is proper or legally sufficient.  Except as so expressly admitted, Defendants deny the

17    remaining allegations.

18    111.    In addition to their General Objections, and in response to the allegations in

19    Paragraph 111 of the FAC, the allegations include legal conclusions to which no response is

20    required.  To the extent that the paragraph contains any allegations requiring a response,

21    Defendants deny that this action may properly be certified or maintained as a class action under

22    Federal Rule of Civil Procedure 23.  To the extent that the allegations require a further response,

23    Defendants admit that Plaintiffs purport to exclude certain individuals from their class definition

24    and that Plaintiffs purport to bring this action as a proposed putative class action.  Except as so

25    expressly admitted, Defendants deny the remaining allegations.

26    112.    In addition to their General Objections, and in response to the allegations in

27    Paragraph 112 of the FAC, the allegations include legal conclusions to which no response is

28    required.  To the extent that the paragraph contains any allegations requiring a response,

29

1  Defendants deny that this action may properly be certified or maintained as a class action under

2  Federal Rule of Civil Procedure 23 or that additional or alternative classes or subclasses would be

3  proper or legally sufficient.  To the extent that the paragraph contains any remaining allegations,

4  Defendants deny the allegations.

5       113.    In addition to their General Objections, and in response to the allegations in

6  Paragraph 113 of the FAC, the allegations include legal conclusions to which no response is

7  required.  To the extent that the paragraph contains any allegations requiring a response,

8  Defendants deny that this action may properly be certified or maintained as a class action under

9  Federal Rule of Civil Procedure 23.  To the extent that the paragraph contains any remaining

10  allegations, Defendants deny the allegations.

11       114.    In addition to their General Objections, and in response to the allegations in

12  Paragraph 114 of the FAC, the allegations include legal conclusions to which no response is

13  required.  To the extent that the paragraph contains any allegations requiring a response,

14  Defendants deny that this action may properly be certified or maintained as a class action under

15  Federal Rule of Civil Procedure 23.  To the extent that the paragraph contains any remaining

16  allegations, Defendants deny the allegations.

17       115.    In addition to their General Objections, and in response to the allegations in

18  Paragraph 115 of the FAC, the allegations include legal conclusions to which no response is

19  required.  To the extent that the paragraph contains any allegations requiring a response,

20  Defendants deny the allegations and deny that this action may properly be certified or maintained

21  as a class action under Federal Rule of Civil Procedure 23.  To the extent that the paragraph

22  contains any remaining allegations, Defendants deny the allegations.

23       116.    In addition to their General Objections, and in response to the allegations in

24  Paragraph 116 of the FAC, the allegations include legal conclusions to which no response is

25  required.  To the extent that the paragraph contains any allegations requiring a response,

26  Defendants deny the allegations and deny that this action may properly be certified or maintained

27  as a class action under Federal Rule of Civil Procedure 23.  To the extent that the paragraph

28  contains any remaining allegations, Defendants deny the allegations.

117.     In addition to their General Objections, and in response to the allegations in Paragraph 117 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations and deny that this action may properly be certified or maintained as a class action under Federal Rule of Civil Procedure 23.  To the extent that the paragraph contains any remaining allegations, Defendants deny the allegations.

118.     In addition to their General Objections, and in response to the allegations in Paragraph 118 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations and deny that this action may properly be certified or maintained as a class action under Federal Rule of Civil Procedure 23.  To the extent that the paragraph contains any remaining allegations, Defendants deny the allegations.

119.     In addition to their General Objections, and in response to the allegations in Paragraph 119 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations and deny that this action may properly be certified or maintained as a class action under Federal Rule of Civil Procedure 23.  To the extent that the paragraph contains any remaining allegations, Defendants deny the allegations.

## PLAINTIFFS' FIRST CAUSE OF ACTION

### (Violation of the Consumers Legal Remedies Act (the "CLRA"),

### California Civil Code § 1750, *et seq.*, on behalf of Plaintiffs and the Class)

120.     In addition to their General Objections, and in response to the allegations in Paragraph 120 of the FAC, Defendants hereby reassert and incorporate by reference Paragraphs 1-119 above, as though fully set forth herein.

121.     In addition to their General Objections, and in response to the allegations in Paragraph 121 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

31

122.     In addition to their General Objections, and in response to the allegations in Paragraph 122 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

123.     In addition to their General Objections, and in response to the allegations in Paragraph 123 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

124.     In addition to their General Objections, and in response to the allegations in Paragraph 124 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

125.     In addition to their General Objections, and in response to the allegations in Paragraph 125 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

126.     In addition to their General Objections, and in response to the allegations in Paragraph 126 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations and deny that Plaintiffs and the proposed putative class are entitled to any relief whatsoever.

127.     In addition to their General Objections, and in response to the allegations in Paragraph 127 of the FAC, to the extent that the allegations purport to summarize and/or characterize any statements in or portions of the referenced June 26, 2019 letter, the letter speaks for itself and is the best evidence of its content; Defendants refer to the full text of the letter for a complete and accurate recitation of its content and deny each allegation inconsistent therewith. To the extent that the paragraph contains any remaining allegations, Defendants admit that after commencing this action, Plaintiffs' counsel sent Defendants' counsel a letter dated June 26, 2019,

32

1  and that Defendants agreed to accept service of the letter by email and waive the statutory mailing

2  requirements.  Except as so expressly admitted, Defendants deny the remaining allegations in the

3  paragraph, deny the allegations and statements in the June 26, 2019 letter, and deny that Plaintiffs

4  and the proposed putative class are entitled to any relief whatsoever.

5          128.    In addition to their General Objections, and in response to the allegations in

6  Paragraph 128 of the FAC, the allegations include legal conclusions to which no response is

7  required.  To the extent that the paragraph contains any allegations requiring a response,

8  Defendants deny the allegations and deny that Plaintiffs and the proposed putative class are

9  entitled to any relief whatsoever.

10                    **PLAINTIFFS' SECOND CAUSE OF ACTION**

11      **(False Advertising, Business and Professions Code § 17500, *et seq.* ("FAL"),**

12                    **on behalf of Plaintiffs and the Class)**

13         129.    In addition to their General Objections, and in response to the allegations in

14  Paragraph 129 of the FAC, Defendants hereby reassert and incorporate by reference Paragraphs

15  1-128 above, as though fully set forth herein.

16         130.    In addition to their General Objections, and in response to the allegations in

17  Paragraph 130 of the FAC, the allegations include legal conclusions to which no response is

18  required.  To the extent that the paragraph contains any allegations requiring a response,

19  Defendants deny the allegations.

20         131.    In addition to their General Objections, and in response to the allegations in

21  Paragraph 131 of the FAC, the allegations include legal conclusions to which no response is

22  required.  To the extent that the paragraph contains any allegations requiring a response,

23  Defendants deny the allegations.

24         132.    In addition to their General Objections, and in response to the allegations in

25  Paragraph 132 of the FAC, the allegations include legal conclusions to which no response is

26  required.  To the extent that the paragraph contains any allegations requiring a response,

27  Defendants deny the allegations.

28  / / /

1     133.    In addition to their General Objections, and in response to the allegations in

2    Paragraph 133 of the FAC, the allegations include legal conclusions to which no response is

3    required.  To the extent that the paragraph contains any allegations requiring a response,

4    Defendants deny the allegations.

5     134.    In addition to their General Objections, and in response to the allegations in

6    Paragraph 134 of the FAC, the allegations include legal conclusions to which no response is

7    required.  To the extent that the paragraph contains any allegations requiring a response,

8    Defendants deny the allegations.

9     135.    In addition to their General Objections, and in response to the allegations in

10   Paragraph 135 of the FAC, the allegations include legal conclusions to which no response is

11   required.  To the extent that the paragraph contains any allegations requiring a response,

12   Defendants deny the allegations.

13    136.    In addition to their General Objections, and in response to the allegations in

14   Paragraph 136 of the FAC, the allegations include legal conclusions to which no response is

15   required.  To the extent that the paragraph contains any allegations requiring a response,

16   Defendants deny the allegations and deny that Plaintiffs and the proposed putative class are

17   entitled to any relief whatsoever.

18    137.    In addition to their General Objections, and in response to the allegations in

19   Paragraph 137 of the FAC, the allegations include legal conclusions to which no response is

20   required.  To the extent that the paragraph contains any allegations requiring a response,

21   Defendants deny the allegations and deny that Plaintiffs and the proposed putative class are

22   entitled to any relief whatsoever.

23    138.    In addition to their General Objections, and in response to the allegations in

24   Paragraph 138 of the FAC, the allegations include legal conclusions to which no response is

25   required.  To the extent that the paragraph contains any allegations requiring a response,

26   Defendants deny the allegations and deny that Plaintiffs and the proposed putative class are

27   entitled to any relief whatsoever.

28   ///

1      139.    In addition to their General Objections, and in response to the allegations in

2   Paragraph 139 of the FAC, the allegations include legal conclusions to which no response is

3   required.  To the extent that the paragraph contains any allegations requiring a response,

4   Defendants deny the allegations and deny that Plaintiffs and the proposed putative class are

5   entitled to any relief whatsoever.

6      140.    In addition to their General Objections, and in response to the allegations in

7   Paragraph 140 of the FAC, the allegations include legal conclusions to which no response is

8   required.  To the extent that the paragraph contains any allegations requiring a response,

9   Defendants deny the allegations and deny that Plaintiffs and the proposed putative class are

10  entitled to any relief whatsoever.

11                      **PLAINTIFFS' THIRD CAUSE OF ACTION**

12  **(Unlawful, unfair, and fraudulent trade practices in violation of Business and Professions**

13  **Code § 17200, *et seq.* ("UCL") on behalf of Plaintiffs and the Class)**

14     141.    In addition to their General Objections, and in response to the allegations in

15  Paragraph 141 of the FAC, Defendants hereby reassert and incorporate by reference Paragraphs

16  1-140 above, as though fully set forth herein.

17     142.    In addition to their General Objections, and in response to the allegations in

18  Paragraph 142 of the FAC, the allegations include legal conclusions to which no response is

19  required.  To the extent that the paragraph contains any allegations requiring a response,

20  Defendants deny the allegations.

21     143.    In addition to their General Objections, and in response to the allegations in

22  Paragraph 143 of the FAC, the allegations include legal conclusions to which no response is

23  required.  To the extent that the paragraph contains any allegations requiring a response,

24  Defendants deny the allegations.

25  / / /

26  / / /

27  / / /

28  / / /

AMENDED ANSWER TO FIRST AMENDED COMPLAINT
Case No. 3:19-cv-03610-SK

144.     In addition to their General Objections, and in response to the allegations in Paragraph 144 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations and hereby reassert and incorporate by reference Paragraphs 1-7 and 41-103 above, as though fully set forth herein.

145.     In addition to their General Objections, and in response to the allegations in Paragraph 145 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

146.     In addition to their General Objections, and in response to the allegations in Paragraph 146 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

147.     In addition to their General Objections, and in response to the allegations in Paragraph 147 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

148.     In addition to their General Objections, and in response to the allegations in Paragraph 148 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

149.     In addition to their General Objections, and in response to the allegations in Paragraph 149 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

/ / /

/ / /

/ / /

150.    In addition to their General Objections, and in response to the allegations in Paragraph 150 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

151.    In addition to their General Objections, and in response to the allegations in Paragraph 151 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations.

152.    In addition to their General Objections, and in response to the allegations in Paragraph 152 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations and deny that Plaintiffs and the proposed putative class are entitled to any relief whatsoever.

153.    In addition to their General Objections, and in response to the allegations in Paragraph 153 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations and deny that Plaintiffs and the proposed putative class are entitled to any relief whatsoever.

154.    In addition to their General Objections, and in response to the allegations in Paragraph 154 of the FAC, the allegations include legal conclusions to which no response is required.  To the extent that the paragraph contains any allegations requiring a response, Defendants deny the allegations and deny that Plaintiffs and the proposed putative class are entitled to any relief whatsoever.

**ANSWER TO ALLEGATIONS RE: PLAINTIFFS' REQUEST FOR RELIEF**

155.    In addition to their General Objections, and in response to the allegations in Plaintiffs' Request for Relief in the FAC, this portion of the FAC contains Plaintiffs' request for relief on each of their claims and does not contain any allegations requiring a response from Defendants.  To the extent that any response is required, Defendants deny that Plaintiffs, the

37

1    proposed putative class, or any member of the general public are entitled to the relief sought in

2    the FAC and Request for Relief, or any relief whatsoever, and deny each and every allegation in

3    the Request for Relief.

4              **ANSWER TO ALLEGATIONS RE: PLAINTIFFS' JURY TRIAL DEMAND**

5         156.    In addition to their General Objections, and in response to the allegations in

6    Plaintiffs' Jury Trial Demand in the FAC, this paragraph does not contain any allegations

7    requiring a response from Defendants.  Defendants deny that Plaintiffs are entitled to a jury trial

8    on all of their causes of action.

9         Defendants deny all other allegations not previously admitted, denied, or otherwise

10   controverted herein.

11                                    **AFFIRMATIVE DEFENSES**

12        Without admitting any facts alleged by Plaintiffs, Defendants assert the following separate

13   and distinct affirmative defenses.  The statement of any defense herein does not assume the

14   burden of proof for any issue, fact, or element of a claim to which the applicable law places the

15   burden of proof on Plaintiffs.  Defendants do not waive any defense and reserve the right to assert

16   any additional defense that may be available after reasonable discovery.

17                                  FIRST AFFIRMATIVE DEFENSE

18                                    (ARBITRATION AND AWARD)

19        157.    Plaintiffs' claims are barred because Plaintiffs have agreed to arbitrate their

20   dispute with Defendants.  Plaintiffs' Arbitration Agreements are fully enforceable under the

21   Federal Arbitration Act, 9 U.S.C. §§ 1-16, which preempts the California state-law rule set forth

22   in *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017).

23                                 SECOND AFFIRMATIVE DEFENSE

24                                    (MANDATORY ARBITRATION)

25        158.    Plaintiffs' proposed putative class action is barred because the purported putative

26   class members are bound to arbitrate their dispute with Defendants as required under the terms of

27   their Arbitration Agreements.

28   / / /

THIRD AFFIRMATIVE DEFENSE

(FAILURE TO STATE A CAUSE OF ACTION)

159.    The FAC, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

FOURTH AFFIRMATIVE DEFENSE

(LACK OF STANDING)

160.    Plaintiffs and the purported putative class members lack standing to pursue each cause of action pled in the FAC against Defendants, including, but not limited to, the claim for public injunctive relief.  Plaintiffs also lack standing to represent the proposed putative class on whose behalf they purport to bring this action.

FIFTH AFFIRMATIVE DEFENSE

(WAIVER)

161.    The FAC, and each purported cause of action alleged therein, is barred by the conduct, actions, and inactions of Plaintiffs and the purported putative class members, which amount to and constitute a waiver of any right or rights that Plaintiffs and the purported putative class members might have in relation to the matters alleged in the FAC.

SIXTH AFFIRMATIVE DEFENSE

(ESTOPPEL)

162.    The FAC, and each purported cause of action alleged therein, is barred by the conduct, actions, and inactions of Plaintiffs and the purported putative class members, which amount to and constitute an estoppel of the causes of action and any relief sought by Plaintiffs and the purported putative class members.

SEVENTH AFFIRMATIVE DEFENSE

(NO DUTY)

163.    The FAC, and each purported cause of action alleged therein, is barred because Defendants did not owe Plaintiffs or the purported putative class members any duty with regard to the matters alleged in the FAC.  If it should be determined that Defendants did owe Plaintiffs or the purported putative class members a duty, Defendants did not breach their duty.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EIGHTH AFFIRMATIVE DEFENSE

(FAILURE TO INVESTIGATE)

164.    Plaintiffs and the purported putative class members failed to investigate matters alleged in the FAC, and either disregarded known information or failed to exercise reasonable care in ascertaining information.  In addition, alleged matters about which Plaintiffs complain were adequately disclosed to consumers and/or consumers failed to read the information provided to them that disclosed such matters.  For these reasons, the causes of action advanced in the FAC are thus barred, in whole or in part.

NINTH AFFIRMATIVE DEFENSE

(CONSENT)

165.    The FAC, and each purported cause of action alleged therein, is barred because Plaintiffs and the purported putative class members consented to the acts forming the basis of Plaintiffs' allegations with actual and/or constructive knowledge of their rights and without undue influence.

TENTH AFFIRMATIVE DEFENSE

(PREEMPTION)

166.    The FAC, and each purported cause of action alleged therein, is barred, in whole or in part, because the theories on which those causes of action are based conflict with federal law, regulation, policy, or other authority and therefore are preempted.

ELEVENTH AFFIRMATIVE DEFENSE

(SAFE HARBOR)

167.    The FAC, and each purported cause of action alleged therein, is barred, in whole or in part, by the "safe harbor" doctrine because the challenged conduct is either approved, permitted, or compelled by the relevant authority, the authority has considered the challenged conduct and decided that no action shall lie, or the challenged conduct complies with applicable statutes and regulations.

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

(CONDUCT NOT "UNFAIR")

168.    Defendants' challenged acts and practices are not "unfair" within the meaning of California Civil Code §§ 1750 *et seq.* and California Business & Professions Code §§ 17200 *et seq.*

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

(CONDUCT NOT "FRAUDULENT")

169.    Defendants' challenged acts and practices are not "fraudulent" within the meaning of California Civil Code §§ 1750 *et seq.*, California Business & Professions Code §§ 17200 *et seq.*, and California Business & Professions Code §§ 17500 *et seq.*

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

(CONDUCT NOT "DECEPTIVE")

170.    Defendants' challenged acts and practices are not "deceptive" within the meaning of California Civil Code §§ 1750 *et seq.*, California Business & Professions Code §§ 17200 *et seq.*, and California Business & Professions Code §§ 17500 *et seq.*

<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

(NO CAUSATION)

171.    The FAC's request for relief is barred because there is no causal connection between the alleged wrongdoing of Defendants and any harm to Plaintiffs or the purported putative class members, including to the extent that any harm to Plaintiffs or the purported putative class members was proximately caused by the actions of third parties.

<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

(NO REASONABLE RELIANCE)

172.    The FAC, and each purported cause of action alleged therein, is barred to the extent that the allegedly misleading statements or omissions are not statements or omissions that any consumer could or would reasonably rely upon.

/ / /

/ / /

41

1

<div align="center">SEVENTEENTH AFFIRMATIVE DEFENSE</div>

2

<div align="center">(SATISFACTION)</div>

3       173.    The FAC's request for restitution is barred, in whole or in part, because the

4 consumers referenced in the FAC were satisfied with the services provided to them and such

5 consumers thus suffered no injury as a result of the alleged practices on which Plaintiffs' claims

6 are based, to the extent Plaintiffs prove Defendants engaged in such acts or practices.

7

<div align="center">EIGHTEENTH AFFIRMATIVE DEFENSE</div>

8

<div align="center">(CESSATION OF THE CHALLENGED CONDUCT)</div>

9       174.    The FAC's request for injunctive relief is barred, in whole or in part, to the extent

10 that Defendants have ceased engaging in the acts or practices identified in the FAC, to the extent

11 Plaintiffs prove Defendants engaged in such acts or practices in the first instance.

12

<div align="center">NINETEENTH AFFIRMATIVE DEFENSE</div>

13

<div align="center">(FIRST AMENDMENT)</div>

14       175.    The FAC's request for injunctive relief is barred, in whole or in part, because it

15 seeks to restrain speech protected by the First Amendment of the United States Constitution and

16 Article I, Section 2 of the California Constitution.

17

<div align="center">TWENTIETH AFFIRMATIVE DEFENSE</div>

18

<div align="center">(PRIMARY JURISDICTION)</div>

19       176.    The FAC, and each purported cause of action alleged therein, should be stayed

20 pursuant to the doctrine of primary jurisdiction, as each cause of action raises issues that are

21 appropriate and better left to the Internal Revenue Service for initial review.

22

<div align="center">TWENTY-FIRST AFFIRMATIVE DEFENSE</div>

23

<div align="center">(LACHES)</div>

24       177.    The FAC's request for injunctive relief is barred, in whole or in part, because of

25 Plaintiffs' and the purported putative class members' unexcused delay in seeking injunctive relief.

26 / / /

27 / / /

28 / / /

1

<div align="center">TWENTY-SECOND AFFIRMATIVE DEFENSE</div>

2

<div align="center">(VOLUNTARY PAYMENT DOCTRINE)</div>

3      178.    The FAC, and each purported cause of action alleged therein, is barred, in whole

4  or in part, because all payments at issue were made voluntarily, with knowledge of the material

5  facts.

6

<div align="center">TWENTY-THIRD AFFIRMATIVE DEFENSE</div>

7

<div align="center">(UNJUST ENRICHMENT)</div>

8      179.    The FAC, and each purported cause of action alleged therein, is barred, in whole

9  or in part, because Plaintiffs and the purported putative class members would be unjustly enriched

10 if they recovered the amounts sought in the FAC as each and every one of them received value

11 for the services provided by Defendants.

12

<div align="center">TWENTY-FOURTH AFFIRMATIVE DEFENSE</div>

13

<div align="center">(FAILURE TO MITIGATE)</div>

14     180.    Any recovery on Plaintiffs' FAC, and each purported cause of action alleged

15 therein, is barred in whole or in part by Plaintiffs' and the purported putative class members'

16 failure to mitigate their damages.  Consequently, any damages suffered by Plaintiffs and the

17 purported putative class members must be reduced in an amount by which Plaintiffs and the

18 purported putative class members could have mitigated those damages, if any.

19

<div align="center">TWENTY-FIFTH AFFIRMATIVE DEFENSE</div>

20

<div align="center">(OFFSET)</div>

21     181.    Defendants are entitled to an offset in the amount of any damages, restitution, and

22 settlements recovered by Plaintiffs and the purported putative class members from other parties

23 for the injuries alleged in the FAC should any such damages or restitution be awarded to

24 Plaintiffs and the purported putative class members.  Defendants are also entitled to have any

25 damages or restitution that may be awarded to Plaintiffs and the purported putative class members

26 offset by the value of any benefit conferred upon, or payment made to, Plaintiffs and the

27 purported putative class members by Defendants or any collateral source based on the actions

28 alleged in the FAC.

<div align="center">43</div>

<center>TWENTY-SIXTH AFFIRMATIVE DEFENSE</center>

<center>(NO CLASS ACTION)</center>

182.    The FAC does not plead facts supporting class certification on any basis, the claims are not suitable for class certification, and Plaintiffs and the purported putative class members cannot establish any of the prerequisites for a class action under Federal Rule of Civil Procedure 23, and, therefore, no class can be certified or maintained in this action.

<center>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</center>

<center>(STATUTE OF LIMITATIONS)</center>

183.    The FAC's request for relief is barred to the extent that it seeks relief for acts or practices occurring before or outside the relevant Statute of Limitations.

<center>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</center>

<center>(UNCLEAN HANDS)</center>

184.    The FAC, and each purported cause of action alleged therein, is barred by the doctrine of unclean hands because Plaintiffs and the putative class members engaged in conduct that proximately caused or contributed to any injuries allegedly suffered.

<center>TWENTY-NINTH AFFIRMATIVE DEFENSE</center>

<center>(NO DAMAGES / NO RESTITUTION)</center>

185.    Plaintiffs and all members of the proposed putative class received the full benefit of their purchases and are barred from making claims for restitution as set forth in the FAC.

<center>THIRTIETH AFFIRMATIVE DEFENSE</center>

<center>(IMPROPER REQUEST FOR PUNITIVE DAMAGES)</center>

186.    Plaintiffs' FAC does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

/ / /

/ / /

/ / /

/ / /

/ / /

<center>44</center>

1

## THIRTY-FIRST AFFIRMATIVE DEFENSE

2

(UNCONSTITUTIONALITY OF PUNITIVE DAMAGES)

3       187.    Any award of punitive damages against Defendants in this action would be barred

4    as violating the due process and equal protection provisions of the United States and California

5    Constitutions.  Defendants do not admit that Plaintiffs are entitled to recover any punitive

6    damages whatsoever in this action.

7

## THIRTY-SECOND AFFIRMATIVE DEFENSE

8

(RESERVATION OF OTHER AFFIRMATIVE DEFENSES)

9       188.    Defendants lack sufficient information of all the facts and evidence surrounding

10   the subject incident and are therefore unable to ascertain at this time any additional affirmative

11   defenses which Defendants may have.  Therefore, Defendants expressly reserve the right to

12   amend this Answer to assert such other affirmative defenses as may become apparent subsequent

13   to the filing of this Answer, whether in discovery at trial, or otherwise.

14

## PRAYER FOR RELIEF

15       WHEREFORE, Defendants respectfully request that this Court enter the following relief:

16       1.      That judgment be entered in favor of Defendants on all causes of action;

17       2.      That Plaintiffs and the proposed putative class, and each of them, take nothing by

18   way of the FAC;

19       3.      That Defendants be awarded their attorneys' fees, costs, and expenses as permitted

20   by law; and

21       4.      Such other and further relief as the Court may deem just and proper.

22   Dated:  April 28, 2020                    Respectfully submitted,

23                                             JONES DAY

24

25                                             By:  _/s/ Darren K. Cottriel_____
                                                    Darren K. Cottriel

26                                             Attorneys for Defendants
                                               HRB TAX GROUP, INC.
27                                             and HRB DIGITAL LLC

28